**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**AT COLUMBUS**

**CRIMINAL ACTION NO. 2:25-MJ-534-DLB**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **MEMORANDUM ORDER**

**DWAYNE K. FUNDERBURKE** **DEFENDANT**

* * * * * * * * * * * * * * * *

## I. Introduction

This matter is before the Court upon Plaintiff's motion to revoke the release order entered on October 22, 2025, by the Honorable Karen Litkovitz, United States Magistrate Judge. (Doc. # 12). The Defendant opposes the motion (Doc. # 15). At the Court's request (Doc. # 17), the transcript of the October 22, 2025 detention hearing was filed of record. (Doc. # 18). The United States having now filed its reply (Doc. # 19), the Defendant having been granted leave to file a sur-reply (Doc. # 21), and that sur-reply having been docketed by the Clerk (Doc. # 20-2), the motion is ripe for review. For the reasons that follow, and having conducted its *de novo* review, the Court agrees with the release decision of Magistrate Judge Litkovitz that Defendant Funderburke be released on bond pending trial, and orders him released pursuant to the conditions set by her (*See* Doc. # 10) as modified herein.

## II. Standard of Review

The Court will conduct a *de novo* review of the Magistrate Judge's release order. In *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985), the Sixth Circuit noted without

further comment that at least one district court, after opining that a clearly-erroneous standard was probably correct, conducted a *de novo* review of a magistrate judge's pretrial detention order. *Id*. at 36. Among the circuits, the Sixth Circuit stands alone in not enunciating for itself the standard of review that a district court must employ. *See United States v. Yamini*, 91 F. Supp.2d 1125, 1127 (S.D. Ohio 2000). Although the Sixth Circuit has yet to directly pass on the standard of review, the Court finds that the other circuits that have concluded that a district court must conduct *de novo* review of a magistrate judge's order of detention or release are persuasive. Accordingly, the Court reviews Magistrate Judge Litkovitz's release order *de novo*.[1]

**III. Procedural Background and Bond Conditions Set**

On October 22, 2025, Defendant Funderburke appeared with counsel for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2). During that hearing, both sides proceeded via proffer. After conducting a hearing and considering the arguments of counsel, Magistrate Judge Litkovitz ordered the Defendant released on his own recognizance with several conditions, including to the third-party custody of Sheana Smith, his girlfriend and mother of his child, and more importantly, to complete inpatient treatment for his drug and mental health issues.

**IV. Discussion**

Upon conducting the required analysis, and considering the factors identified in § 3142(g), the Court concludes that the bond conditions set by Magistrate Judge Litkovitz, as modified herein, are sufficient to assure Defendant's court appearances and the safety of the community.

[1] In conducting its *de novo* review, the Court has reviewed the transcript of the October 22, 2025 detention hearing. *See* Doc. # 18.

As an initial matter, the Court rejects the United States' suggestion that the Court treat the defendant as if this is a presumption of detention case due to his drug use and addiction issues. Put simply, the statute he charged with, 18 U.S.C. § 1361, destruction of federal property, is not one which carries a rebuttal presumption of detention. To imply that one should exist or be applied would usurp the legislative branch's authority, something this Court will not do.

Section 3142(g) sets forth several factors that a court must consider when determining whether to release a defendant on bond, with or without conditions, or order that he be held in custody pending trial. The factors listed in § 3142(g) include: (1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**1. Nature and Circumstances of the Offense**

According to the complaint, in the late evening hours of September 22, 2025, the Defendant damaged federal property exceeding $1,000 in violation of 18 U.S.C. § 1361. The charge stems from the Defendant crashing a vehicle into the barriers outside the

Columbus federal courthouse and then shattering a glass entry door into the courthouse with a trash can. The affiant alleges that the estimated damage to the barrier and door is between $5,000 to $7,000. The charge is a felony carrying a maximum statutory penalty of not more than ten years and a $250,000 fine. It is neither a crime of violence nor a drug offense.

**2. Weight of the evidence against Defendant**

Regarding the weight of evidence against Defendant for the charged offense as it relates to the issue of detention, the evidence is strong that he was the individual who committed the offense. There is surveillance video and other evidence linking him the crime.

**3. History and Characteristics of the Defendant**

If there is one factor that favors detention in this case it is this one. Defendant has a history of failing to appear for Court appearances and has a significant drug addiction and mental health diagnoses.

**4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release**

The remaining factors, with the exception of Defendant's record concerning appearance at court proceedings, favors release in this instance. Although the Defendant does have a relatively poor history of appearing for court proceedings, the Defendant's drug use likely contributed to many of those. The bond conditions set by the magistrate judge, especially the condition requiring the successful completion of an inpatient dual diagnosis treatment program, should ameliorate those concerns.

## V. Conclusion

For the reasons stated herein, and having considered the applicable § 3142(g) factors, both individually and collectively, the Court finds, by clear and convincing evidence, that the bond condition set by the magistrate judge, as modified herein, will reasonably assure Defendant's presence and the safety of others and the community. Placing the Defendant at Cedar Ridge for a 90-day inpatient program to address his mental health and drug addiction issues will reasonably assure his appearance in court and the safety of the community. Accordingly,

**IT IS ORDERED** as follows:

1. The Government's Motion to Revoke Release Order (Doc. # 12) be, and is hereby **denied**;
2. The Release Conditions set by the Magistrate Judge (Doc. # 10) are **modified** to include a condition that the Defendant **successfully complete the 90 day residential dual diagnosis treatment program at Cedar Ridge Behavioral Health Solutions**; and
3. Following his successful completion of residential treatment at Cedar Ridge, the Defendant shall be released with a **condition of electronic monitoring with home detention** pending trial.

This 5th day of November, 2025.

